IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00440-GCM

| | |
|---|---|
| OTIS L. TISDALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ENTERPRISE HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes before the Court on Defendant Enterprise Holdings, Inc's Motion to Dismiss and Memorandum in Support [Doc. Nos. 6 and 7]; Plaintiff's response [Doc. No. 10]; Defendant's reply [Doc. No. 11]; and Plaintiff's surreply [Doc. No. 12]. For the reasons stated herein, Defendant's motion is granted in part and denied in part.

I.  FACTUAL BACKGROUND

Plaintiff brings this action against Defendant pursuant to Title VII of the Civil Rights Act and alleges that he experienced "sexual harassment," "general harassment," and "other acts" allegedly related to his race, sex and age during his employment. [Doc. No. 1 at 3]. Plaintiff's form complaint alleges through little more than checked boxes that Defendant's conduct was discriminatory with respect to Plaintiff's race, sex, and age. Plaintiff alleges that these "discriminatory acts" occurred on June 9, 2011 and June 15, 2011.

II.  LEGAL STANDARD

A.  Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject

1

matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time by either a litigant or the court. *Mansfield, C.& L.M.R. Co. v. Swan*, 111 U.S. 379 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court for the first time on appeal, thereby voiding the judgment. *Capron v. Van Noorden*, 6 U.S. 126 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

B. Rule 12(b)(6) Standard

To survive a motion to dismiss, the plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 545-47 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court must view the complaint in the light most favorable to the plaintiff and take the plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive a motion to dismiss. *Garrett v. Elko*, 1997 WL 457667 at * 1 (4th Cir. 1997) (per curiam) (referencing *Gordon*, 574 F.2d at 1149-1151). However, this liberal

2

construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon*, 574 F.2d at 1151. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still do more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. a 555 (internal citations omitted). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

In the context of the instant discrimination case, the Court is mindful that Plaintiff need not plead a prima facie case of age, race and sex discrimination to survive a 12(b)(6) motion, however, he must plead enough facts to "budge[]" claims "across the line from conceivable to plausible." *See Iqbal*, 129 S. Ct at 1951.

III.   ANALYSIS

   A.   Defendant Is Not A Proper Party

Defendant contends that it is not Plaintiff's employer but is instead the holding company which includes Plaintiff's former employer, Enterprise Leasing Company-Southeast, LLC. [See Gretchen Burkhart Aff, Doc. No. 6, Ex. A]. Defendant has provided the Court with an Affidavit from Ms. Burkhart, the Group Human Resources Manager for Enterprise Leasing Company-Southeast, LLC d/b/a Enterprise Rent-A-Car. [*Id.*]. Ms. Burkhart contends that Enterprise Leasing Company-Southeast, LLC, is a wholly owned subsidiary of Enterprise Holdings, Inc and is the corporation employing all North Carolina Enterprise rental employees, and was Plaintiff's employer as well as the employer of the other individuals referenced in his Complaint. [*Id.*]. Defendant also provided the Court with a copy of the North Carolina Secretary of State's information regarding Enterprise Leasing Company-Southeast, LLC. [Doc. No. 6-2 at 4].

On November 9, 2012 Plaintiff filed a responsive document to Defendant's motion, which consists of payroll documents; an unnotarized affidavit; a portion of a website from a Michigan law firm; and a 2007 summary judgment case from the First Circuit. [Doc. No. 10]. Plaintiff did not initially submit a memorandum or any analysis of his submissions. The documents submitted appear to be intended to address Defendant's argument that Enterprise Holdings was not his employer, however the documents submitted do nothing to contradict Defendant's argument, supported by affidavit testimony, that Enterprise Holdings was not Plaintiff's employer. Indeed, Plaintiff's "Advice of Deposit" [Ex. G], plainly identifies Enterprise Leasing Company-Southeast, LLC and indicates at the top of the document "[t]his electronic representation of Otis Tisdale's paycheck was provided from Enterprise Leasing Company-Southeast, LLC's Payroll WorkCenter system on 1/5/2012." [Doc. No. 10 at 4]. Plaintiff has introduced no evidence that Enterprise Leasing Company-Southeast, LLC was not his employer. Similarly, Plaintiff's affidavit [Ex. G], does not address his employment or his employer, but seems to be more of a philosophical statement regarding his rights. [Doc. No. 10 at 7-8]. The website he attaches as exhibit H does not cite any law or even identify its jurisdiction. Finally, *Torres-Negron v. Merck*, 488 F.3d 34 (1st Cir. 2007), the case Plaintiff attaches as exhibit I is not from this jurisdiction and is not controlling precedent.

On November 19, 2012, after Defendant filed its reply brief, Plaintiff submitted a surreply brief in which he argues that since "Enterprise Holdings " hired him to work as a service agent for one of its subsidiaries, Enterprise Rent-A-Car, a reasonable person would consider Enterprise Holdings the employer. [Doc. No. 12 at 3]. Plaintiff also points out that the physical address for Enterprise Holdings, Inc., and Enterprise Leasing Company, d/b/a Enterprise Rent-A-car are one in the same. [*Id.*].

Under Title VII, a parent company is not an "employer" of a subsidiary's workers unless it

4

"exercises excessive control" over the subsidiary's employment practices or so dominates the subsidiary's operations that the parent and the subsidiary can be considered one entity. *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 981 (4th Cir. 1987). A parent company cannot be the employer simply because it is the parent company. *Id.* Instead, the parent company is the employer only if it "exercises a degree of control that exceeds the control normally exercised by a parent corporation." *Armbruster v. Quinn*, 711 F.2d 1332, 1338 (6th Cir. 1983). Courts have found parent corporations to be employers only in extraordinary circumstances.

Plaintiff's claims against Defendant are improper because Plaintiff has alleged no facts showing that Defendant exercised such excessive control over Enterprise Leasing Company-Southeast, LLC. In other words. Plaintiff has not shown that the relationship between Enterprise Holdings Inc., and Enterprise Leasing Company, d/b/a Enterprise Rent-A-car was anything more than a normal parent-subsidiary relationship. The documents Plaintiff submitted in response to Defendant's Motion to Dismiss do nothing to contradict Defendant's contention, supported by affidavit testimony, that Enterprise Holdings was not Plaintiff's true employer. Specifically, Plaintiff's Advice of Deposit slip clearly indicates at the top of the document that "[t]his electronic representation of Otis Tisdale's paycheck was provided from Enterprise Leasing Company-Southeast, LLC's Payroll WorkCenter system on 1/5/12." [Doc. No. 10 at 4]. Therefore, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED.

B.   Defendant's 12(b)(6) Motion

Next, Defendant argues that Plaintiff's Complaint should be dismissed as the allegations Plaintiff presents are insufficient as a matter of law to state a claim pursuant to Federal Rule of

5

Civil Procedure 12(b)(6).  In his Complaint, Plaintiff purports to allege claims for race harassment, sex harassment and age discrimination.

Due to this Court dismissal of this action based upon Defendant's Motion to Dismiss for failure to name the proper entity, the Court will dismiss as moot Defendant's Motion to Dismiss pursuant to 12(b)(6) for failure to state a claim as a matter of law as moot.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 6] is Granted in part and Denied in part.  Defendant's Motion to Dismiss pursuant to 12(b)(1) is hereby GRANTED and Plaintiff's Complaint is DISMISSED.  Defendant's Motion to Dismiss pursuant to 12(b)(6) is dismissed as moot.

**SO ORDERED**.

Signed: November 28, 2012

Graham C. Mullen
United States District Judge